ORDERED.

Dated:  March 11, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) Case No. 6:23-bk-00162-LVV |
| Antonia Lemont Tate, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| Sajid Munir and | ) |
| Alfalah Investments, LLC | ) |
| | ) |
| Plaintiffs, | ) Adv. No. 6:23-ap-00036-LVV |
| | ) |
| v. | ) |
| | ) |
| Antonia Lemont Tate, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Sajid Munir and Alfalah Investments, LLC (collectively "Plaintiffs") request summary judgment on counts IX and X of their second amended complaint which assert debtor/defendant, Antonia Lemont Tate ("Debtor"), should not receive a discharge in his chapter 7

1

case for refusing to comply with orders of this Court.[1] The record is uncontroverted that Debtor failed to comply with multiple court orders. Debtor failed to cite any evidence to dispute Plaintiffs' assertions of fact as required by Rule 56(c). Plaintiffs' motion, along with their supporting materials, demonstrate that Debtor's failure to obey was willful and intentional. Accordingly, Plaintiffs' request for summary judgment is granted.

## Undisputed Facts

Plaintiffs and Debtor disputed their respective ownership interests in a limited liability company—145 Palmetto Farms, LLC ("LLC").[2] The LLC owns real property in Pacolet, South Carolina ("Palmetto Farms Property").[3] On January 17, 2023, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code.[4] At Debtor's request, the Court converted the case to subchapter V of chapter 11. On October 18, 2023, the Court converted the case to chapter 7 for cause. Robert Altman was appointed chapter 7 trustee ("Trustee"). With Court approval, the Trustee, as successor to Debtor's claims, settled the ownership dispute of the LLC and sold the estate's interests in Debtor's various business entities, including the LLC, to Alfalah, LLC ("Alfalah").[5]

During the bankruptcy case and before the settlement, however, Debtor transferred the Palmetto Farms Property from the LLC to another entity, Pacolet Project I, LLC.[6] On May 31, 2023, the Court entered an order directing Debtor, within seven days, to take all actions to return

---

[1] Doc. Nos. 66, 70, 86.
[2] Doc. Nos. 46, 58.
[3] *Id.*
[4] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 et. seq.
[5] Doc. No. 86, Exh. B and C. The Court approved the compromise on August 9, 2024. The Court notes the initial complaint listed Alfalah Investments, LLC as a plaintiff. See Doc. No. 1. Subsequent amended complaints listed Alfalah LLC as a plaintiff. See Doc. Nos. 24, 46. Because the Trustee sold Debtor's interests in Alfalah Investments, LLC to Alfalah LLC in the Court approved compromise, any distinctions between the entities have been rendered moot for the purposes of this order. Accordingly, the Court refers to them collectively as Alfalah.
[6] Doc. No. 86, Exh. A. Request for Admissions ¶ 15.

the Palmetto Farms Property back to the LLC ("Transfer Order").[7] Debtor did not transfer the Palmetto Farms Property back to the LLC. Alfalah requested the Court hold Debtor in contempt and sanction him for failing to comply with the Transfer Order.[8] After a hearing at which Debtor appeared, the Court found Debtor in contempt for failing to comply with the Transfer Order and again directed Debtor to transfer the Palmetto Farms Property back to the LLC within 10 days, and if Debtor failed to do so, the order would be deemed a deed transferring the Palmetto Farms Property to the LLC ("Contempt Order").[9] After entry of the Transfer Order and Contempt Order, Debtor, on behalf of Pacolet Project I, LLC, signed a letter of intent to sell the Palmetto Farms Property to a third party ("LOI").[10]

Plaintiffs filed a multi-count complaint, as amended, against Debtor seeking a determination that amounts owed to Plaintiffs are not dischargeable under § 523(a)(2)(A) and Debtor should be denied a discharge under § 727(a)(2)(A), (a)(3), (a)(4)(A), (a)(5), and (a)(6). Debtor answered the second amended complaint, denying many of Plaintiffs' allegations and did not assert any affirmative defenses.[11] Plaintiffs moved for summary judgment under counts IX and X of the second amended complaint asserting under 11 U.S.C. § 727(a)(6) Debtor should be denied a discharge for willfully disobeying the Transfer Order by failing to transfer the Palmetto Farms Property to the LLC and for willfully disobeying other court orders ("Motion for

---

[7] Doc. No. 86, Exh. A. Request for Admissions ¶ 14. *See also In re Tate*, No. 6:23-bk-00162-LVV at Doc. No. 122 (Bankr. M.D. Fla. entered May 31, 2023) *Order Partially Granting Amended Motion for Relief from the Automatic Stay Filed By Alfalah Investments LLC*.

[8] *In re Tate*, No. 6:23-bk-00162-LVV at Doc. No. 185 (Bankr. M.D. Fla. filed Aug. 17, 2023).

[9] Debtor appeared with counsel at the hearing held October 18, 2023. *In re Tate*, No. 6:23-bk-00162-LVV at Doc. No. 254 (Bankr. M.D. Fla. entered Nov. 7, 2023) *Order Finding Debtor In Contempt of Court and to Transfer South Carolina Real Properties*.

[10] Doc. No. 86, Exh. A. Request for Admissions ¶ 5. The LOI attached to the Request for Admissions is dated October 11, 2024.

[11] Doc. No. 58.

Summary Judgment").[12] Debtor responded to the Motion for Summary Judgment asserting he could not transfer the Palmetto Farms Property back to the LLC "due to the Lis Pendens filed by the Plaintiff in South Carolina" and that his ability to transfer the Palmetto Farms Property to the LLC was out of his control ("Response").[13] Although the Response referred to an affidavit filed by Debtor, Debtor did not file a supporting affidavit or reference other materials in the record that support his allegations.

On December 3, 2024, the Court held a hearing and for the reasons stated in open court, entered a scheduling order on the Motion for Summary Judgement ("Scheduling Order"). The Scheduling Order provided Plaintiffs could supplement the record and their Motion for Summary Judgment on or before January 3, 2025, Debtor could supplement the record and his Response on or before January 10, 2025, and Plaintiffs could file a reply on or before January 17, 2025. Plaintiffs timely supplemented their Motion for Summary Judgement, which included admissions by Debtor under Federal Rule of Civil Procedure 36(a) and a copy of the LOI.[14] Debtor did not file any papers or affidavit supporting his Response or opposing Plaintiffs' supplement.

**Analysis**

Federal Rule of Civil Procedure 56(a), made applicable by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows

---

[12] Doc. No. 66. Count IX also alleges Debtor refused to obey the Property Transfer Order by not transferring other real property located in Spartanburg, S.C. as directed. Count X alleges Debtor should be denied a discharge under 11 U.S.C. § 727(a)(6) for willfully disobeying this Court's order directing Debtor to pay mediator fees of $5,930 within 14 days. *See In re Tate*, No. 6:23-bk-00162-LVV at Doc. No. 256 (Bankr. M.D. Fla. entered Nov. 7, 2023) *Order Granting Motion to Compel Payment Following Successful Mediation*.
[13] Doc. No. 69.
[14] Doc. No. 86. Federal Rule of Civil Procedure 36, made applicable by Federal Rule of Bankruptcy Procedure 7036, provides a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Plaintiffs assert in their supplement that Debtor did not respond to their attached request for admissions which are now deemed admitted under Rule 36.

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "always bears the initial responsibility" of informing the court of the basis of its motion and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, at 249-250 (internal citations omitted). Once the moving party has met its burden, the nonmoving party must "show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). The nonmoving party must cite to *materials in the record*, such as affidavits or declarations, to support the existence of a genuine dispute. *See* Fed. R. Civ. P. 56(c) (emphasis added). If a party fails to properly support an assertion of fact or fails to address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment provided the motion and supporting materials demonstrate movant is entitled to summary judgment. Fed. R. Civ. P. 56(e).

"The Bankruptcy Code favors discharge of an honest debtor's obligations." *In re Jennings*, 533 F.3d 1333, 1338 (11th Cir. 2008). Generally, objections to discharge are construed liberally for the honest debtor and strictly against the objecting creditor. *Id. See also In re Coady*,

588 F.3d 1312, 1315 (11th Cir. 2009). To prevail, Plaintiffs must prove their objection by a preponderance of the evidence. Fed. R. Bankr. P. 4005; *Grogan v. Garner*, 498 U.S. 279 (1991).

Section 727(a)(6)(A) of the Bankruptcy Code provides the court shall grant the debtor a discharge, unless "the debtor has refused… to obey any lawful order of the court...." 11 U.S.C. § 727(a)(6)(A); *Musselman v. Vaughan* (*In re Vaughan*), No. 6:12-bk-02798, 2014 WL 2507439 (Bankr. M.D. Fla. June 4, 2014). Failure to obey a court order is not enough. *Vaughan*, 2014 WL 2507439 at *2; *Shinn v. Harmon* (*In re Harmon*), 379 B.R. 182, 189 (Bankr. M.D. Fla. 2007). *See also In Matos,* 267 F.App'x 884, 886 (11th Cir. 2008)(failure to obey an order due to "inadvertence, mistake, or inability to comply" is insufficient to revoke a discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A)). The statute requires that the debtor *refuse* to obey a court order. *Vaughan*, 2014 WL 2507439 at *2; *Harmon* 379 B.R. at 189. Further the refusal must be a result of "willful, intentional disobedience or dereliction" by the debtor. *Harmon*, 379 B.R. at 189. Accordingly, to prevail under § 727(a)(6)(A), Plaintiffs must demonstrate Debtor was "1) aware of the order; 2) refused to comply; and 3) the refusal to obey the order was the result of willful, intentional disobedience, and not merely inadvertence or mistake." *Vaughan,* 2014 WL 2507439 at *2 (citing *In re Mullin*, 455 B.R. 256, 263 (Bankr. M.D. Fla. 2011)(internal quotations omitted)).

No material facts are in dispute. Debtor does not dispute that (1) he was aware of the Transfer Order, and (2) he did not transfer the Palmetto Farms Property to the LLC as required by the Transfer Order. Debtor does not assert lack of notice or any other deficiency with the Transfer Order. Debtor has not asserted inadvertence, mistake or inability to comply with the Transfer Order as an affirmative defense. Although Debtor argues he could not comply with the Transfer Order by transferring the Palmetto Farms Property to the LLC, Debtor has not

supported this assertion with an affidavit or any other evidence despite the Court providing him ample opportunity to do so. Debtor admitted that after entry of the Transfer Order and Contempt Order, he signed the LOI attached to Plaintiffs' request for admissions.[15] Debtor further admitted that the LOI attached to Plaintiffs' request for admissions related to the Palmetto Farms Property.[16]

The Court finds Debtor willfully and intentionally refused to comply with the Transfer Order. By signing the LOI—agreeing to sell the Palmetto Farms Property—*after* this Court directed Debtor transfer the Palmetto Farms Property to the LLC in both the Transfer Order and Contempt Order, Plaintiffs have demonstrated Debtor willfully and intentionally disobeyed the Transfer Order. Debtor did not mistakenly or inadvertently fail to comply with the Transfer Order. There is nothing of record to support Debtor's assertion he could not comply with the Transfer Order. It is clear Debtor refused to comply with the Transfer Order so he could later sell the Palmetto Farms Property. Plaintiffs eliminated any possibility that Debtor's non-compliance was a simple "failure" to comply with the Transfer Order through either mistake, inadvertence or an inability to comply. *See Gargula v. Askins, (In re Askins)*, No. 18-bk-08833, 2020 WL 5745648 at *3 (Bankr. M.D. Fla. July 24, 2020)(debtor's intent must be addressed when summary judgment is sought on a § 727(a)(6)(A) claim). "Where the record, taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Vaughan,* 2014 WL 2507439 at *1 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). These uncontroverted facts, coupled with Debtor's failure to obey other court orders, leave the Court no choice but to grant summary judgment finding Debtor willfully and intentionally refused to comply with the Transfer Order and as a

---

[15] Doc. No. 86, Exh. A. Request for Admissions ¶ 5.
[16] Doc. No. 86, Exh. A. Request for Admissions ¶¶ 1, 3, 4.

result, his chapter 7 discharge should be denied.[17] Plaintiffs met their burden under § 727(a)(6)(A) as to the Transfer Order referenced in Count IX of the second amended complaint. Accordingly, it is

**ORDERED:**

1. The Motion for Summary Judgment as supplemented (Doc. Nos. 66, 86) is GRANTED as to Count IX.

2. A separate Final Judgment consistent with this Order will be entered.

###

Attorney Lawrence M. Kosto is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

---

[17] Debtor's failure to comply with the Transfer Order is not an isolated incident. Plaintiffs identify eight court orders Debtor failed to comply with during his case ranging from discovery matters, payment of fees and turnover of property. Because the undisputed facts so overwhelmingly demonstrate Debtor willfully and intentionally refused to comply with the Transfer Order, the Court limited its analysis to the Transfer Order.